McGREGOR W. SCOTT
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CRS 05-309 GEB |
| Plaintiff, ) | PLAINTIFF'S MOTION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN UNITED STATES CUSTODY - 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| v. ) | |
| DAREN WALLACE GLOSSER, and SHANNON LEA SELLE, ) | |
| Defendants. ) | |

Plaintiff United States of America hereby moves the Court for an order allowing the United States to maintain custody of property already in its possession pending the resolution of the criminal forfeiture allegation in this case. The grounds for the motion are as follows:

1.  On or about July 5, 2005, during the execution of a state search warrant, law enforcement officers seized a 1998 Chevrolet Tahoe, California License Number 5KMW996, Vehicle Identification Number: 1GNEK13R4WJ377828 ("Chevrolet Tahoe"). Subsequently, Federal Bureau of Investigation ("FBI") Special Agents took custody of the Chevrolet Tahoe as part of a federal administrative forfeiture.

2. On or about July 7, 2005, Fairfield Police Officers responded to a reported disturbance at the Days Inn Motel located at 4376 Central Place, Fairfield, California. Upon arrival at the motel, officers identified the involved parties as Daren Wallace Glosser and Shannon Lea Selle. Both Glosser and Selle were arrested on state drug charges. Pursuant to a search incident to arrest, law enforcement officers seized from Glosser and Selle approximately $4,831.00 in United States currency.

3. On or about August 17, 2005, during the execution of a federal search warrant at the residence of Glosser and Selle located at 10 Chimiles Trail, Napa County, California, FBI Special Agents seized approximately $3,300.00 in United States currency.

Hereinafter, the above-referenced property in paragraph numbers 1, 2, and 3, above, are collectively referred to as the "seized property".

In accordance with 18 U.S.C. § 983(a)(1), the FBI sent notice to defendants Glosser and Selle of its intent to forfeit the seized property in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about September 16, 2005, Glosser and Selle filed claims contesting the administrative forfeiture of the Chevrolet Tahoe and the $4,831.00 in United States currency pursuant to 18 U.S.C. § 983(a)(2). On or about October 25, 2005, Selle filed a claim contesting the administrative forfeiture of the $3,300.00 in United States currency pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90

days in which to:  (1) return the property to the defendant; (2) commence a civil judicial forfeiture action; or (3) commence a criminal forfeiture action by including the seized property in a criminal indictment, and take steps to preserve the United States' right to retain custody.  On December 15, 2005, the United States elected the third option when it obtained a Second Superseding Indictment from the grand jury containing a forfeiture allegation concerning the seized property.  That Indictment is now pending in this Court.

Title 18, U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the United States elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statute in this case is 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in the United States' custody, it is not appropriate for a court to issue a seizure warrant directing the United States to seize property from itself.  In turn, § 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the United States from disposing of property that the United States has taken into its custody for the purpose of forfeiture, and that the United States intends to preserve for that purpose through the conclusion of the pending criminal case.

1  Finally, § 853(e)(1) also authorizes a court to "take any
2 other action to preserve the availability of property" subject to
3 forfeiture.  The United States submits that this provision
4 applies in circumstances where, as here, the United States has
5 already obtained lawful custody of the seized property pursuant
6 to search warrants and a search incident to arrest, and the
7 United States seeks to comply with § 983(a)(3)(B)(ii)(II).  Thus,
8 all that is required to comply with § 983(a)(3)(B)(ii)(II) is an
9 order from this Court stating that the United States and its
10 agencies, including FBI, may continue to maintain custody of the
11 seized property for forfeiture until the criminal forfeiture case
12 is concluded.
13  Accordingly, pursuant to § 853(e)(1), the United States
14 respectfully moves this court to issue an order directing that
15 the United States may maintain custody of the seized property
16 through the conclusion of the pending criminal case, and stating
17 that such order satisfies the requirements of 18 U.S.C.
18 § 983(a)(3)(B)(ii)(II).

20 Dated:  December 15, 2005        McGREGOR W. SCOTT
                                   United States Attorney

                            By:   /s/ Samuel Wong
                                  SAMUEL WONG
                                  Assistant United States Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an order authorizing the United States and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the United States's motion, the Court makes the following orders:

It is hereby ordered that the United States and its agencies, including the FBI, are authorized to maintain and preserve the following property until the conclusion of the instant criminal case, or pending further Order of this Court:

1. A 1998 Chevrolet Tahoe, California License Number 5KMW996, Vehicle Identification Number: 1GNEK13R4WJ377828;

2. Approximately $4,831.00 in United States currency; and

3. Approximately $3,300.00 in United States currency.

The Court further finds and orders that this Order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II) in that the United States has taken "the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".

It is so ordered.

Dated:  December 15, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

5