IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR S-05-309 GEB

    vs.

DAREN GLOSSER, et al.,

    Defendants.

<u>ORDER</u>

_____/

        This matter was on calendar on October 26, 2006 for defendant Glosser's motions for a bill of particulars and for discovery; defendant Selle joined both motions.

        William L. Osterhoudt and by Ann C. Moorman appeared for defendant Glosser; Anne Marie Tomassini appeared on behalf of Randolph E. Daar, for defendant Selle. Both defendants were present in court.

        Samuel Wong appeared for the government.

I. <u>Motion For A Bill Of Particulars</u>

        Count one of the second superseding indictment alleges that from October 2001 until July 7, 2005, the defendants conspired with each other and with other people known and

unknown to manufacture at least 1000 marijuana plants.  Defendants seek a more precise date for the formation of the conspiracy and the identities of the other conspirators.  The government counters that such information is available from the voluminous discovery provided.

Count two of the second superseding indictment alleges that the defendants manufactured at least one hundred marijuana plants no later than June 30, 2005.  Defendants seek the specific time and place of the manufacture.  In his response to the motion, counsel for the government provided the location.  At the hearing, counsel for defendant Glosser said he was satisfied with this response.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, the court may direct the government to file a bill of particulars.   The purpose of a bill of particulars is to inform a defendant of the theory of the government's case.  United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979).  In United States v. DiCesare, 765 F.2d 890, 897, as amended, 777 F.2d 543 (9th Cir. 1985), the Ninth Circuit found that a defendant's request for a bill of particulars providing the exact date the conspiracy began and the names of the other conspirators did "not warrant a bill of particulars."  The motion with respect to count one will be denied.

II.  Motion For Discovery

The defense seeks eleven categories of discovery and a recognition of the government's continuing obligation to comply with its discovery obligations.

In its response, the government asks for reciprocal discovery under Federal Rule of Criminal Procedure 16(b), and notes that it will provide most of what the defense seeks.

At the hearing, the defense clarified that the defendants' statements they have asked for are only those recognized by Federal Rule of Criminal Procedure 16 (a)(1)(A) & (B), which the government has provided.  Moreover, at the hearing, the defense confirmed it is not seeking witness statements concerning any prior acts of the defendants, but only a general idea of

the nature of those acts, as required by Federal Rule of Evidence 404(b). The parties agreed that discovery requests with respect to the search warrants identified in defendants' motion are to be resolved by Judge Burrell upon the filing of a noticed motion; accordingly these portions of defendants' motion are deemed withdrawn without prejudice. Finally, the parties agreed on compliance dates.

        Accordingly, IT IS HEREBY ORDERED:

        1. Defendants' motion for a bill of particulars is denied as to the information requested with regard to count one of the indictment, and denied as unnecessary with respect to count two.

        2. Defendants' motion for discovery is granted as follows:

           A. The government is directed to provide the requested discovery as to items one, and three through ten to the defense by November 27, 2006;

           B. The government is directed to provide general information on prior similar acts at least four weeks before trial; and

           C. The government is obligated to provide exculpatory material to the defense, as it acknowledges.

        3. The government's motion for reciprocal discovery within the meaning of Federal Rule of Criminal Procedure 16(b) is granted.

DATED: October 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
glos0309.dsc