IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:05-cr-0309-GEB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAREN GLOSSER, et al., ) | |
| ) | |
| Defendants. ) | |

Defendants move for an order that would unseal portions of search warrant affidavits, based on "points and authorities . . . filed on September 18, 2006 (docket number 84) . . . ."  (Not. of Mot. and Mot. To Unseal The Sealed Portions of the Search Warrant Affidavits, Nov. 15, 2006, ("November 15 Motion") at 2.)  Defendants originally noticed this motion for hearing before the magistrate judge, and the September 18, 2006, points and authorities were filed in support thereof.  Defendants state in their November 15 Motion that when the matter was heard before the magistrate judge, they were "instructed to address the issue of unsealing the search warrant affidavits to [the district judge], as the matter was deemed to fall

outside of a traditional request for discovery and in some ways was similar to a motion for informant disclosure." (Id.)

The November 15 Motion was noticed for hearing on December 1, 2006, and was subsequently rescheduled for hearing on December 22, 2006, pursuant to the parties' stipulation. Defendants seek disclosure of "information that was provided by confidential informants to . . . law enforcement agents which was used to establish probable cause to search [Defendant Glosser's residence] and other properties." (P. & A. In Supp. of Mot. For Pretrial Discovery, Sept. 18, 2006, at 8.) Defendants argue they "cannot fully assess the warrant affidavit for probable cause, or for suspected omissions or untruths, because [they] do not know what whole pages of these documents say[,]" and that "[i]n the case of the tracking device warrant – the entire affidavit is presently unavailable to [them]."[1] (Id. at 9.)

The government filed an opposition on December 8, 2006, in which it states it "will not rely on the redacted portions of the affidavits to establish probable cause for issuance of the search warrants." (Gov't Opp'n at 7.) Further, the government requests the Court review the redacted portions of the affidavits ex parte and in camera, arguing this review will evince that those portions contain neither "information that would detract from the findings of probable cause" nor "exculpatory information or information helpful to the defense." (Id.) The government states that "approximately twenty-one California state search warrants [were used] to obtain evidence and

---

[1] Defendants did not submit copies of the affidavits they have received from the government, and apparently rely on the government to provide the Court with copies of these documents.

2

1  information[,]" eleven of which contain portions "redacted by the
2  United States prior to disclosure of the affidavits to the defense."
3  (Id. at 2.)  The government explains further:

>     The redacted information is contained in portions
>     of the search warrant affidavits that were
>     previously ordered sealed by the state court
>     judges issuing the search warrants.  The eleven
>     search warrant affidavits, which were later
>     redacted for discovery purposes, were submitted in
>     support of the issuance of search warrants . . . .
>
>     The United States will provide all eleven of
>     these affidavits in unredacted form to the Court
>     for its ex parte in camera review prior to the
>     scheduled December 22, 2006, hearing on this
>     motion.  Those portions of the affidavits that
>     were redacted prior to discovery to the defense
>     are indicated by yellow highlighting.  By
>     reviewing the redacted portions, the Court will
>     readily determine that   . . . [n]one of the
>     redacted information detracts from establishing
>     probable cause.  Finally, the redacted information
>     is not exculpatory or helpful to the defense in
>     any way.

(Id. at 2-4.)

   The government provided the Clerk's Office with an unredacted copy of the affidavits on December 15, 2006, but this copy was only provided to the undersigned on December 19, 2006.  Since there is insufficient time for me to review the lengthy affidavits prior to the hearing, the motion is rescheduled for hearing on January 12, 2007, at 10:00 a.m.

   IT IS SO ORDERED.

Dated: December 20, 2006

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge

3